**NOSSAMAN LLP**
CHRISTOPHER D. HUGHES (SBN 254864)
chughes@nossaman.com
621 Capitol Mall, Ste. 2500
Sacramento, CA 95814
Telephone:     916.442.8888
Facsimile:     916.442.0382

Attorneys for John R. Roberts,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>BRETT BEN JAKSICH,<br><br>            Debtor. | Case No: 15-27708-B-7<br><br>DCN: NOS-003<br><br>**CHAPTER 7 TRUSTEE'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO APPROVE SALE OF PROPERTY OF THE ESTATE**<br><br>Date:     March 20, 2018<br>Time:     10:00 a.m.<br>Dept:     B (Courtroom 32) |

To THE HONORABLE CHRISTOPHER D. JAIME, United States Bankruptcy Judge:

      John R. Roberts, the duly-appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate ("Estate") of Brett Ben Jaksich (Case No. 15-27708-B-7), hereby submits this Motion to Approve Sale of Property of the Estate to the Debtor, Brett Ben Jaksich ("Motion"). The Motion is brought pursuant to section 363(b) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Motion is supported by the Declaration of John Roberts ("Roberts Declaration"), submitted herewith.

### Relief Requested

      1.     The Trustee seeks an order approving the following relief provisions:

  A. Authorizing the Trustee to sell the Estate's interests in various assets, described in more detail below, to the Debtor for $22,679.91 or to the highest bidder at the hearing on the Motion;

  B. Approving an overbidding procedure at the hearing to permit qualified buyers who appear at the hearing, with a cashier's check for $5,000.00 as a deposit, to bid on the assets;

  C. Authorizing the Trustee to sell and convey title to the assets and to execute any and all documents necessary to transfer title of the assets to the new buyer; and

  D. For any other relief as is just and appropriate under the circumstances of this case.

## Jurisdiction and Venue

2. The Court has jurisdiction over this matter. 28 U.S.C. §§ 157 and 1334. The District Court has referred this matter to the Bankruptcy Court. 28 U.S.C. § 157(a) and United States District Court, Eastern District of California, General Orders 182 and 223. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district. 28 U.S.C. §§ 1408 and 1409.

## Facts

3. On September 30, 2015 ("Petition Date"), Brett Ben Jaksich ("Debtor") filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code. [Docket No. 1]. On March 3, 2016, the Chapter 13 Trustee obtained an order to convert the case from a Chapter 13 to a Chapter 7, initiating the above captioned bankruptcy case ("Bankruptcy Case"). [Docket No. 37].

4. Mr. Roberts was subsequently appointed as the Chapter 7 Trustee and is acting solely in his capacity as the court-appointed Chapter 7 Trustee, and not as an individual. [Docket No. 38].

5. Trustee is informed and believes that Debtor held funds in his bank accounts as of the Petition Date in the amounts of $2,518.82 and $55.13 ("Bank Account Funds"). Of these amounts, Debtor's Schedule C, filed with the Bankruptcy Court on or about September 30, 2015

("Schedule C"), lists $68.07 and $29.37 of the Bank Account Funds as exempt, respectively, pursuant to C.C.P. § 703.140(b)(5).

6. Additionally, Trustee is informed and believes that Debtor received a bonus payment ("Bonus Payment") of $19,501.33 from his employer for services he provided before the Petition Date. On January 19, 2018, Debtor filed an amendment to his Schedule B to list the Bonus Payment and his Schedule C to exempt up to 75% of the Bonus Payment pursuant to C.C.P. § 706.050, referencing 28 U.S.C. § 1673, which was in effect at the time of the conversion of the case.[1] [Docket No. 79]. Thus, the parties anticipate that the Debtor will exempt up to $14,625.75 of the Bonus Payment.

7. The non-exempt portion of the Bank Account Funds and the Bonus Payment are property of the Bankruptcy Estate. The Debtor has turned over to the Trustee the non-exempt portion of the Bank Account Funds and non-exempt portion of the Bonus Payment, totaling $7,320.09, as part of the agreement to purchase the assets described in more detail in the subsequent paragraph.

8. Debtor's Schedule A, filed with the Bankruptcy Court on or about September 30, 2015 ("Schedule A"), lists Debtor's interests in real property located at 3424 Watson Meadow Lane, Loganville, Georgia ("Real Property"). Debtor's Schedule B, filed with the Bankruptcy Court on or about September 30, 2015 ("Schedule B"), lists Debtor's interest in several assets including a 1973 Chevy Corvette, a 2008 KTM Dirtbike, a one third interest in a 2004 Malibu boat, and a 2003 Sea-Doo ("Personal Property") (collectively, the Real Property and the Personal Property will be referred to as "the Assets"). The Debtor's Schedule C lists several exemptions for many of the Assets, including an exemption of $5,100 pursuant to C.C.P. § 703.140(b)(2) and $4,900 pursuant to C.C.P. § 703.140(b)(5) for the 1973 Chevy Corvette; an exemption of $2,000 pursuant to C.C.P. § 703.140(b)(5) for the 2008 KTM Dirtbike; an exemption of $2,805 pursuant

---

[1] Prior to amendment, which took effect on July 1, 2016, section 706.050 provided: "Except as otherwise provided in this chapter, the amount of earnings of a judgment debtor exempt from the levy of an earnings withholding order shall be that amount that may not be withheld from the judgment debtor's earnings under federal law in Section 1673(a) of Title 15 of the United States Code." C.C.P. § 706.050.

1 to C.C.P. § 703.140(b)(5) for the one third interest in the 2004 Malibu boat; and an exemption of
2 $2,000 pursuant to C.C.P. § 703.140(b)(5) for the 2003 Sea-Doo. The Assets are property of the
3 Bankruptcy Estate.

4     9. Debtor's Schedule B lists a value for each of the Personal Property Assets.
5 Trustee disagrees with Debtor's valuation of the Personal Property Assets. The Trustee believes
6 it is in the best interests of the Estate to sell the Assets.

7     10. The Trustee's valuation of the Debtor's Bank Account Funds, Bonus Payment,
8 and Assets and the corresponding exemptions listed in Schedule C are as follows:

| Description | Debtor Value | Trustee Value | Exemption Amount | Delta |
|---|---|---|---|---|
| Bonus 10/8/15 | $19,501.33 | $19,501.33 | $14,625.75 | $4,843.58 |
| Acct # 2022 | $68.07 | $2,518.82 | $68.07 | $2,449.93 |
| Acct # 7700 | $29.37 | $55.13 | $29.37 | $25.76 |
| 1973 Chevy Corvette | $10,000.00 | $15,000.00 | $10,000.00 | $5,000.00 |
| 2008 KTM Dirtbike 530 | $2,000.00 | $3,000.00 | $2,000.00 | $1,000.00 |
| 2004 Malibu 1/3 interest | $2,833.33 (1/3 of $8,500) | $7,000.00 (1/3 of $21,000) | $2,805.00 | $4,195.00 |
| 2003 Sea-Doo | $2,000.00 | $3,000.00 | $2,000.00 | $1,000.00 |
|  | $36,432.10 | $50,075.28 | $31,528.19 | $18,546.81 |

    11. The Trustee is informed and believes that the Real Property has a value of approximately $200,000. According to Schedule A, the secured claims against the Real Property are $126,849.00.

    12. The Trustee is informed and believes that the Internal Revenue Service ("IRS") has served Notices of Federal Tax Liens ("IRS Liens") that attach to all of the Debtor's personal and real property. On the petition date, the amount due to the IRS was $110,061.80.

    13. When the IRS Liens are combined with the secured claims against the Real Property, there does not appear to be any equity in the Real Property and a sale of the Real Property would probably not yield a benefit for the Estate, especially when brokers' fees and closing costs are taken into consideration. Nevertheless, as part of the sale of Assets, the Debtor is willing to pay $11,453.19 to the Estate for the Estate's interest in the Real Property.

14. The Debtor has paid a total of $30,000 to the Estate. Pursuant to the agreement with the Trustee, described in more detail below, the Debtor has turned over $7,320.09 in cash, which is property of the Estate. The remainder ($22,679.91) is the purchase price for the Assets.

### The Proposed Sale

15. The Trustee intends to enter into a purchase and turnover agreement ("Purchase Agreement") with Debtor. A true and correct copy of the Purchase Agreement is submitted herewith as **Exhibit 1**.

16. The sale of the Assets will be "as is" "where is" "with all faults" and without any representation or warranty, express or implied. The sale of the Assets will be subject to all existing liens, including the IRS Liens and nothing in the Purchase Agreement may be used to assert that any of the liens against the Real Property or Personal Property are invalid or have been removed.

17. Debtor has paid the full amount of $22,679.91 to the Trustee for the Assets in addition to turning over $7,320.09 of cash to the Estate.

### The Proposed Overbid Terms

18. The sale of the Assets (including both Personal Property and Real Property) will be subject to overbids. Any person or entity wanting to overbid the current offer of $22,679.91 for the Assets at the time of the hearing is free to do so, provided at the hearing, the party presents the Trustee with a $5,000.00 cashier's check as a deposit. The Trustee suggests overbids in the minimum amount of $500. Within five days of entry of a court order authorizing the sale of the Assets, the successful overbidder shall pay to the Trustee the balance of the successful bid amount. The Trustee will refund the deposit of any unsuccessful bidder.

19. The sale of the Assets will be "as is" "where is" "with all faults" and without any representation or warranty, express or implied. The sale of the Assets to any overbidder will be subject to all existing liens, including the IRS Liens and nothing herein may be used to assert that any of the liens against the Real Property or Personal Property are invalid or have been removed.

///

///

# Argument

## A. Legal Authority

After proper notice has been provided and upon the conclusion of a hearing, the Court may authorize the Trustee to sell property of the estate. 11 U.S.C. § 363(b). Courts analyzing a proposed sale typically analyze whether the sale is in the best interests of the estate, based on the facts and history of the case. *In re American West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (*citing In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)). Courts must examine the "business justification" for the proposed sale. *In re Wilde Horses Enterprises, Inc.* 136 B.R. 380 (Bankr. C.D.Cal. 1991) (*citing In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)). The trustee has "broad power" under section 363 to sell property of the estate and "the manner of sale is within the discretion of the Trustee." *In re The Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

Pursuant to Rule 6004(h) of the Bankruptcy Rules, an "order authorizing the use, sale or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The purpose of the rule is to permit sufficient time for an objecting party to appeal the decisions. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). However, the court may eliminate the stay to allow a sale or other transaction to close immediately.

## B. Points and Authorities

### 1. The Proposed Sale Satisfies the Requirements of Section 363(b).

The Trustee believes that the sale of the Assets is in the best interests of the Estate. The sale of the Assets to the Debtor will realize a benefit to the Estate, despite the liens against the Assets.

### 2. Waiver of Bankruptcy Rule 6004(h) is Appropriate.

Since the purpose of Bankruptcy Rule 6004(h) is to provide an objecting party the opportunity to file a notice of appeal, if no party objects to the sale, there is no reason not to waive the 14-day stay. Thus, to the extent that no party objects to the proposed sale, the Trustee

///

respectfully requests that the Court order that the 14-day stay period set forth in Bankruptcy Rule 6004(h) is waived in connection with the proposed sale of the Property.

### Conclusion

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

1. Authorizing the Trustee to sell the Estate's interests in various assets to the Debtor for $22,679.91 or to the highest bidder at the hearing on the Motion;

2. Approving an overbidding procedure at the hearing to permit qualified buyers who appear at the hearing, with a cashier's check for $5,000.00 as a deposit, to bid on the assets;

3. Authorizing the Trustee to sell and convey title to the assets and to execute any and all documents necessary to transfer title of the assets to the new buyer; and

4. For any other relief as is just and appropriate under the circumstances of this case.

Date: February 13, 2018

CHAPTER 7 TRUSTEE

*/s/ Christopher D. Hughes*
Christopher D. Hughes, Attorney for
John Roberts, Chapter 7 Trustee